HELEN M. MERKLE, RESPONDENT, v. CHARLES SCHAEFFER AND EMIL SCHAEFFER, APPELLANTS.

Submitted February Term, 1910—Decided June 13, 1910.

In an action for injuries caused by the bite of a dog, the only proof of *scienter* was the testimony of a witness that he had frequently visited the defendants at their home, that all were accustomed to play with the dog, that it was full of play and would jump around and snap at them, just in play. *Held*, that there was a failure to prove any mischievous propensity of the dog to bite.

On appeal from the First District Court of Newark.

Before Justices GARRISON, SWAYZE and PARKER.

For the respondent, *Samuel Roessler.*

For the appellants, *Henry Pomerehne.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff below, an infant, recovered damages for injuries caused by the bite of a dog. The only question necessary to consider is whether or not there was evidence to justify an inference that the defendants knew that the dog was possessed of mischievous propensities. Such knowledge is essential to justify a judgment in favor of the plaintiff. *Evans* v. *McDermott,* 20 *Vroom* 163. The only evidence on which the judge relied, and none other appears in the state of the case, was the evidence of one Buchlien, who testified that he had frequently visited the defendants at their home, that they all were accustomed to play with the dog, and the dog was full of play and would jump around and grab and snap at them, just in play. If we assume that this evidence is sufficient to show that the defendants knew all that Mr. Buchlien knew, it amounts only to proof that the dog would snap—not bite—at those who were playing with him, but that he would do it, not viciously, but "just in play," to use the exact language of the witness. This, so far from showing a mischievous propensity to bite, negatives that inference; for if the dog had been possessed of a mischievous propensity to bite he would have done something more than snap, just in play.

We think the judgment in favor of the plaintiff was erroneous and should be reversed, and the record remitted for a new trial.